**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLENN LITWAK,<br><br>        Petitioner - Appellant,<br><br>  v.<br><br>COMMISSIONER OF INTERNAL<br>REVENUE,<br><br>        Respondent - Appellee. | No. 10-70787<br><br>Tax Ct. No. 21122-07L<br><br>MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Glenn Litwak appeals from the Tax Court's decision after a bench trial,

upholding the Commissioner of Internal Revenue's ("Commissioner")

determination to reject Litwak's offer-in-compromise and collect on his unpaid tax

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

liabilities for tax years 2000, 2001, and 2002. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo the Tax Court's conclusions, and for an abuse of discretion the Commissioner's rejection of an offer-in-compromise. *Keller v. Comm'r*, 568 F.3d 710, 716 (9th Cir. 2009). We affirm.

The Commissioner did not abuse his discretion in rejecting as inadequate Litwak's offer-in-compromise because Litwak failed to establish that special circumstances existed to support his offer to pay less than the Internal Revenue Service ("IRS") could collect if he filed for bankruptcy. *See id.* at 717-18 & n.8 (listing "special circumstances" that must be present for IRS to accept an offer that is less than the taxpayer's "reasonable collection potential"); *see also Fargo v. Comm'r*, 447 F.3d 706, 710-12 (9th Cir. 2006) (IRS has discretion to decide whether to reject an offer-in-compromise after evaluating all facts and circumstances). Moreover, the Commissioner's error in determining which of Litwak's outstanding tax liabilities would be dischargeable in bankruptcy was harmless because Litwak failed to show that the error affected the determination that he could still afford to pay more than his offer. *See Keller*, 568 F.3d at 718 (taxpayers relying on miscalculations must demonstrate that, allowing for the errors, their offers do not remain below their ability to pay).

Litwak's remaining contentions, including arguments raised for the first time on appeal, are unpersuasive. *See id.* (reviewing court is confined to the record at the time the IRS rendered its decision); *McFarland v. Guardsmark, LLC*, 588 F.3d 1236, 1236 (9th Cir. 2009) (order) (issues raised for the first time on appeal need not be considered).

Litwak's request for judicial notice is denied.

**AFFIRMED.**